# EXHIBIT A

Case 2:22-cv-06594-JMA-ST   Document 1-1   Filed 10/28/22   Page 2 of 27 PageID #: 7

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

Index No.

**SUMMONS**

NORMAN MAURICE ROWE, M.D., M.H.A., L.L.C. &
EAST COAST PLASTIC SURGERY, P.C.

Plaintiff(s),

Plaintiff's Address:
NORMAN MAURICE ROWE, M.D.,
M.H.A., L.L.C. & EAST COAST
PLASTIC SURGERY, P.C.
71 East 77th Street
New York, NY 10075

- Against -

UNITED HEALTHCARE SERVICES, INC,

Defendant(s).

Basis for Venue:
Defendant transacts business within
NASSAU County

To the above named defendant:

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to
serve a copy of your answer, or, if the complaint is not served with this summons, to
serve a notice of appearance, on the Plaintiff's attorney within 20 days after the
service of this summons, exclusive of the day of service (or within 30 days after the
service is complete if this summons is not personally delivered to you within the
State of New York); and in case of your failure to appear or answer, judgment will
be taken against you in the amount of $299,428.50.

Dated:          August 17, 2022

Defendant's Address:
UNITED HEALTHCARE SERVICES, INC
c/o CT Corporation System
28 Liberty Street
New York, NY 10005

**LEWIN & BAGLIO, LLP**
By: Michael Baglio, Esq.
Attorneys for the Plaintiff
1100 Shames Drive
Suite 100
Westbury, New York 11590
Tel:  (516) 307- 1777
Fax: (516) 307- 1770
L&B File No.: 2125.COM.60

.

Case 2:22-cv-06594-JMA-ST   Document 1-1   Filed 10/28/22   Page 3 of 27 PageID #: 8

SUPREME COURT OF THE STATE OF NEW YORK          Index No.:
COUNTY OF NASSAU
                                                        COMPLAINT
NORMAN MAURICE ROWE, M.D., M.H.A., L.L.C. & EAST
COAST PLASTIC SURGERY, P.C.
                          Plaintiff(s),

        - Against -

UNITED HEALTHCARE SERVICES, INC,
                          Defendant(s).

Plaintiffs, NORMAN MAURICE ROWE, M.D., M.H.A., L.L.C. & EAST COAST
PLASTIC SURGERY, P.C., alleges:

1) This is an amount to payment case. This is an action by an out-of-network
health care provider to recover payment from an insurer. The insurer offered to
reimburse Plaintiff's out-of-network services as in-network services then after the
services were rendered the insurer reneged by reimbursing less than what it had
offered and less than a reasonable amount. This action does not include any claims
in which benefits were denied, nor does it challenge any coverage determinations.

2) Indeed, the Defendant-insurer has already adjudicated these claims, has
determined that Plaintiff's claims were for covered medical services rendered to the
relevant patient, and has issued payments-payments that were not what was
offered to induce performance of the services at issue. And, that is the reason for
this lawsuit.

3) OR[1], a consumer of the Defendant's product, required a medical procedure
called bilateral breast reduction and placement of a vacuum dressing. The insurer
did not have sufficient capacity in its network to render bilateral breast reduction.

---

[1] OR is an individual patient referred to solely by their initials to avoid disclosure of personally

Case 2:22-cv-06594-JMA-ST   Document 1-1   Filed 10/28/22   Page 4 of 27 PageID #: 9

4) In order to induce Plaintiff(s), an out-of-network healthcare provider, to render bilateral breast reduction, the insurer offered to reimburse the service at the network level rate. But after receiving the benefit of its bargain-bilateral breast reduction with placement of a vacuum dressing rendered to its consumer-the insurer reneged by making payment that was not at the promised rate. The payment was not what was offered, was late pursuant to NY statutory standards, and incomplete or unreasonable according to industry standards.

## JURISDICTION, VENUE, AND PARTIES

5) This Court has personal jurisdiction over the parties because Defendant UNITEDHEALTHCARE SERVICE, LLC,  (herein after " UHC")is an insurance company licensed and authorized to do business in the State of New York; UHC, violated New York Law while doing business in New York State.

6) UHC transacts business in NASSAU County.

7) NORMAN MAURICE ROWE, M.D., M.H.A., L.L.C. (Herein after Rowe LLC) is a Limited Liability Company that transacts business in the State of New York.

8) EAST COAST PLASTIC SURGERY, P.C. (Herein after ECPS) is a Professional Corporation located in the State of New Jersey. (Herein after Rowe LLC and ECPS are referred to collectively as Rowe LLC).

## FACTUAL ALLEGATIONS

**A. Introduction to Managed Care**

9) UHC sells, among other things, health insurance products.

---

identifiable information.

Case 2:22-cv-06594-JMA-ST   Document 1-1   Filed 10/28/22   Page 5 of 27 PageID #: 10

10) Many of Rowe LLC's patients are consumers of a health insurance products and use those products to arrange for and manage the costs of their medical treatment

11) At all relevant times, "OR" was a consumer of a health insurance product sold by UHC.

12) OR relied on an insurance product sold by UHC to arrange for and manage the costs of their medical treatment.

### 1. *Use of Network Status to Determine Reimbursement*

13) The amount UHC pays to medical providers is the result of a negotiation that takes place between medical providers and UHC long before any services are rendered, a negotiation that fixes a provider's network status.

14) UHC determines a medical provider's network status by whether or not the provider has signed a/an UHC network agreement. A provider who has signed the agreement has joined UHC's provider network. A provider who has joined the network has negotiated and agreed to accept a rate of payment for the services they will provide to consumers of UHC's products and plans, which is called the in-network rate.

15) The pre-negotiated rates UHC pays for in-network services are not found within the terms of any insurance product or plan certificate, they are found in the network agreement.

16) UHC negotiates the terms of the network agreement with medical providers but sells specific insurance plans to consumers.

Case 2:22-cv-06594-JMA-ST Document 1-1 Filed 10/28/22 Page 6 of 27 PageID #: 11

17) The in-network rates UHC pays is not found within any discrete insurance product or plan UHC sells and/or administrators.

18) Rowe LLC intentionally refused to join any provider network organized by UHC so that Rowe LLC is always free to negotiate payment for services they render to individual patients.

19) At all times relevant, Rowe LLC refused to join any insurer provider network organized by UHC so that Rowe LLC could freely choose to whom they would render medical services.

20) Rowe LLC intentionally refused to join any insurer provider network organized by UHC so that Rowe LLC could never be bound by the terms and conditions of UHC's or any health insurance plan or product sold by UHC.

21) Rowe LLC never agreed to be bound by the terms and conditions of OR's health insurance plan.

22) Since Rowe LLC has refused to join a provider network UHC treats Rowe LLC as an out-of-network provider.

23) Not all UHC insurance products allow for out-of-network benefits. If the product allows out-of-network benefits, UHC determines the maximum amount it will pay for a covered service to an out-of-network provider, this rate is sometimes called OON or out-of-network rate.

24) In the healthcare industry the usual, customary, and reasonable rate (UCR) is the amount charged for services in a geographic area based on what providers in the area usually charge for the same or similar medical services. The 80th

Case 2:22-cv-06594-JMA-ST    Document 1-1    Filed 10/28/22    Page 7 of 27 PageID #: 12

percentile of UCR is a percentile threshold recognized in the health insurance industry as a reasonable value for a medical service. Typically, an insurer will disclose the total allowed amount as a percentage of UCR.

25) Indeed, New York Insurance Law §§ 3217-a(a)(19)(B) and 4324(a)(20)(B) and Public Health Law § 4408(1)(t)(ii) require health plans to disclose the amounts paid for out-of-network services as a percentage of UCR.

### 2. *Network Exceptions*

26) A network exception is a request by an out-of-network medical provider to have an insurer reimburse a specific medical service at a rate that is not otherwise available to the relevant patient if that service is rendered within a specific time period.

27) UHC offers network exceptions to induce highly skilled physicians, like Rowe LLC, to render unique medical services to consumers of UHC insurance products by intentionally offering to reimburse the service at the network level despite Rowe LLC not signing a network agreement.

28) The services Rowe LLC renders are unique because Rowe LLC's physicians are specially trained in the latest techniques and methods of performing bilateral breast reduction that result in reduced trauma and higher quality patient care.

29) A network exception granted by UHC is only valid for a limited period of time.

Case 2:22-cv-06594-JMA-ST   Document 1-1   Filed 10/28/22   Page 8 of 27 PageID #: 13

30) Network exceptions are different from "pre-authorizations." On the one hand a pre-authorization establishes only that there is coverage for the service. On the other hand, a network exception establishes a rate of reimbursement.

31) UHC will issue a network exception only when it does not have a medical provider with the capacity to render the services the consumer needs within in its network or within the consumer's geographical vicinity.

32) UHC has a business procedure for issuing network exceptions.

33) Bilateral breast reduction and placement of a vacuum dressing was indicated for OR and OR desired Rowe LLC perform bilateral breast reduction.

34) Rowe LLC, however, was unwilling to risk non-payment to perform bilateral breast reduction on OR.

35) Rowe LLC refused to accept the out-of-network reimbursement OR's insurance product offered.

36) Therefore, on or about December 3, 2019, a Rowe LLC employee contacted UHC and spoke to an individual in UHC's surgical pre-approval department or unit. Rowe LLC identified itself as an out-of-network provider, indicated to UHC that bilateral breast reduction was indicated for OR, that Rowe LLC was willing to negotiate payment for their services.

37) On December 7, 2019 as per the request of UHC, Rowe LLC submitted to UHC clinical information and certain medical records concerning the surgery proposed for OR.

Case 2:22-cv-06594-JMA-ST Document 1-1 Filed 10/28/22 Page 9 of 27 PageID #: 14

38) Those records informed UHC that bilateral breast reduction was indicated for OR and that Dr. Norman Rowe and Dr. Charles Pierce would be performing bilateral breast reduction and placement of a vacuum dressing. The submission of those records indicated that neither provider was willing to render the services unless they were reimbursed at a higher rate.

39) On or about December 17, 2019, UHC orally offered Rowe LLC reimbursement for a bilateral breast reductionnegative pressure wound therapy rendered to OR at the network level because there was no medical provider in OR's area to provide the surgery.

40) Upon information and belief, UHC notified the patient that it had received Rowe LLC's request for a network exception and based on information provided by Rowe LLC it had granted Rowe LLC's request.

41) On December 30, 2020, Rowe LLC accepted UHC offer by rendering bilateral breast reductionnegative pressure wound therapy to OR.

42) Rowe LLC submitted its billing to UHC.

## B. Explanation of billing

43) Rowe LLC billed UHC a total of $300,000.00 for the services rendered to OR on December 30, 2020, indicating the services it rendered using industry standard billing codes, known as "CPT codes." Rowe LLC also substantiated the use of those CPT codes by including the surgical/operative report with its billing.

44) It is an industry standard practice for UHC to rely upon the billing codes submitted by a medical provider to determine the amount UHC would pay.

45) Indeed, Rowe LLC attested to the accuracy of the claims.

L&B File No.: 2125.COM.60

Case 2:22-cv-06594-JMA-ST    Document 1-1    Filed 10/28/22    Page 10 of 27 PageID #: 15

46) Rowe LLC billed UHC $150,000.00 for the services Dr. Norman Rowe rendered. UHC adjudicated these claims and determined that the claims were for covered services rendered to OR because UHC paid $2,227.64 for the services Dr. Norman Rowe rendered.

47) Rowe LLC billed UHC $150,000.00 for the services Dr. Charles Pierce rendered. UHC paid $ 571.50 for the services Dr. Charles Pierce rendered.

## C. *UHC's fraudulent inducement scheme*

48) UHC has a concrete business purpose in having highly skilled physicians render unique and medically necessary medical services that are NOT otherwise available to consumers of its health insurance products.

49) UHC holds itself as having the capacity to arrange for and manage the costs of all necessary medical treatment for consumers of its products by maintaining a network of doctors that it claims will result in significant out-of-pocket savings to its consumers. Unbeknownst to its consumers, UHC doesn't have highly skilled doctors like Rowe LLC in its network.

50) UHC uses network exceptions to fraudulently induce highly skilled medical providers who have refused to join their provider network, to render services to consumers of  UHC's products.  The network exception benefits UHC by satisfying its contractual obligation to consumers of its health insurance products to arrange for necessary medical procedures and limit the insured liability by making the medical providers receiving the network exception agree not to balance bill the patient as a condition of the network exception.

L&B File No.: 2125.COM.60

Case 2:22-cv-06594-JMA-ST Document 1-1 Filed 10/28/22 Page 11 of 27 PageID #: 16

51) Without issuing the network exceptions UHC's consumers could not receive the medical treatment they require without incurring significant out-of-pocket costs. And if UHC cannot arrange for necessary medical treatments then its products don't serve their function and its brand value decreases.

52) By creating a process for out-of-network providers to make a request for a network exception UHC fostered a sense of security, albeit false, in the requesting provider that UHC was "on notice" that the out-of-network provider had rejected the offer of out-of-network reimbursement and would receive a higher payment amount.

53) When it granted the network exception UHC never intended to pay anything more than a fraction of the reasonable value of the services rendered.

54) UHC representation of reimbursement at the in-network rate was intended to deceive because UHC has no in-network rate for services provided by out-of-network providers.

55) UHC wanted  Rowe LLC to believe the in-network rate to be an amount negotiated by fellow medical providers in the same field in the same geographical area; a rate that far exceeded the out-of-network reimbursement.

56)  UHC has, as is common in the health insurance industry, largely automated its claims adjudication process. UHC has designed and implemented its automated claims adjudication process to ensure that claims for payment received by UHC for all services rendered by out-of-network providers are intentionally underpaid.

FILED: NASSAU COUNTY CLERK 08/23/2022 11:10 AM

57) When it comes to claim processing, the automated process is conveniently ignorant of the existence of a network exception, yet disingenuously astute of a medical provider's out-of-network status. With the result that Rowe LLC is often mistakenly reimbursed as out-of-network, despite the well documented negotiations between Rowe LLC and UHC, which resulted in a promise to be reimbursed as in-network.

58) As a result of UHC's deception, Rowe LLC has had to commence numerous lawsuits against UHC 'to recover the balance owed.

59) UHC intentionally underpays out-of-network services to artificially reduce gross costs for medical services, increase profits, and to wage economic war on out-of-network providers who render treatment to their consumers.

*60)* Every dollar that UHC was obligated to pay that it didn't pay was a dollar that was counted directly to profits. While underpayment serves as a windfall for UHC, being tricked into providing medical services leaves the medical provider with a broken promise and the legal bills associated with attempting to be made whole again.

**D.** ***UHC's intentionally automated its claims adjudication process so that it was intentionally ignorant of or purposefully obtuse towards its underpayment of network exceptions***

61) When UHC processes the claims it receives it relies on the information reflected in the claim itself, and particularly the procedure code, to determine the service provided to the consumer, date the services were provided, and the medical provider's network status.

Case 2:22-cv-06594-JMA-ST Document 1-1 Filed 10/28/22 Page 13 of 27 PageID #: 18

62) CPT codes are among the most important pieces of information included in a claim to UHC, and a primary determinant of the amount UHC will ultimately pay.

63) UHC intentionally fails to reimburse an out-of-network services as in-network after making a network exception.

64) Between 2018 and 2022, the rate at which UHC issued improper reimbursement to Rowe LLC after issuing a network exception, and the degree to which the reimbursements UHC made were inconsistent, foreclose the possibility that UHC merely made bunches of honest mistakes.

65) The delta between what UHC paid on the claim identified in the Complaint and what the UHC should have paid is substantial.

66) Another facet of its scheme was UHC's planned response to any disagreement regarding the rate of payment. UHC knew that only the plan member or beneficiary could challenge a coverage determination made by UHC. Therefore, UHC would seek to cover-up its fraud by intentionally claiming, improperly, that determination of the in-network reimbursement requires reference to the certificate of coverage or the insurance plan of the relevant patient, an action only a plan beneficiary or member could bring against the plan sponsor, in most cases the patient's employer. And, an unlikely action considering the plan member or beneficiary already received the required medical service.

67) UHC attains its goal of defending its underpayment by intentionally and improperly claiming that determination of the amount UHC owes for services

Case 2:22-cv-06594-JMA-ST   Document 1-1   Filed 10/28/22   Page 14 of 27 PageID #: 19

rendered to a network exception requires an impermissible reference to a certificate of coverage or the insurance plan of the relevant patient.

**E. This is not a right to payment case because UHC issued a partial payment, which acknowledge Rowe LLC's right to payment**

68) UHC did not do what it was required to do.

69) Despite having granted a network exception and consistent with its automated process UHC accepted Rowe LLC's performance because it issued payment, albeit payment that was not at the level offered to induceRowe LLC to render the services.

70) UHC did not inform Rowe LLC that Rowe LLC incorrectly performed bilateral breast reductionnegative pressure wound therapy.

71) UHC did not deny the claim for the breast reduction surgery because the breast reduction surgery was not covered.

72) UHC did not deny the claim because there was a reduction in OR's benefits such that Rowe LLC was not entitled to payment.

73) UHC did not deny the claim because another insurer or corporation or organization was liable for all or part of the bill.

74) The amount paid to Rowe LLC by UHC $2,799.14 is not a reasonable value for bilateral breast reduction because it is not consistent with the prevailing and customary rates paid for bilateral breast reduction; as a result Rowe LLC suffered damages.

75) UHC admitted in its provider remittance advice forms that it processed these claims as out of network used the out-of-network benefit to calculate the payment

for bilateral breast reduction therapy, therefore, UHC incorrectly calculated its payment to Rowe LLC; as a result Rowe LLC suffered damages.

76) UHC intentionally incorrectly calculated network level resulting in an underpayment to Rowe LLC for bilateral breast reduction; as a results Rowe LLC suffered damages.

77) UHC did not properly apply industry coding standards for determining any recognized limitations on reimbursement for bilateral breast reductionnegative pressure wound therapy, therefore, UHC incorrectly calculated its payment to Rowe LLC; as a result Rowe LLC suffered damages.

## FIRST CAUSE OF ACTION- BREACH OF CONTRACT

78) Rowe LLC repeats and re-alleges the foregoing paragraphs as if fully set forth herein.

79) On or about 12/17/2019, UHC offered Rowe LLC, to pay for bilateral breast reduction at the network level rate if it was rendered to OR.

80) On or about December 30, 2020, Rowe LLC accepted UHC's offer by rendering bilateral breast reduction to OR and submitted its billing to UHC.

81) Because UHC did not reject Rowe LLC's performance UHC is obligated to pay Rowe LLC at the offered price term, network level.

82) Because UHC issued a partial payment to Rowe LLC UHC acknowledged it was obligated to make payment to Rowe LLC.

DocuSign Envelope ID: 7E4793F8-642A-4E5E-A2F9-5AB7C83DBEA4
Case 2:22-cv-06594-JMA-ST Document 1-1 Filed 10/28/22 Page 16 of 27 PageID #: 21

83) UHC issued a partial payment that was at the out-of-network level and not at the network level.

84) UHC has failed and refused to issue payment to Rowe LLC at the network level rate for the services as offered by UHC.

85) UHC has refused to pay the balance after being demanded to do so by Rowe LLC.

86) As a result of UHC's failure to perform under their agreement Rowe LLC has suffered damages.

## SECOND CAUSE OF ACTION UNJUST ENRICHMENT

87) Rowe LLC repeats and re-alleges the foregoing paragraphs as if fully set forth herein.

88) UHC induced Rowe LLC to render bilateral breast reduction and placement of a vacuum dressing to OR by offering to pay for bilateral breast reduction at the network level rate.

89) Rowe LLC conferred a benefit upon UHC under circumstances where UHC knew or should have known that Rowe LLC expected to be reasonably compensated for the benefit conferred according to usual and customary prevailing rates for bilateral breast reductionnegative pressure wound therapy, the services rendered to OR.

90) UHC received the benefit of its bargain, i.e., Rowe LLC rendering bilateral breast reduction to OR.

L&B File No.: 2125.COM.60

Case 2:22-cv-06594-JMA-ST   Document 1-1   Filed 10/28/22   Page 17 of 27 PageID #: 22

91) Rowe LLC had no obligation to seek UHC's approval prior to rendering bilateral breast reduction and placement of a vacuum dressing to OR.

92) Rowe LLC would not have otherwise performed the surgery without UHC's agreement to pay at the network level, instead of the out-of-network benefit level.

93) When Rowe LLC rendered bilateral breast reduction to OR Rowe LLC made it possible for UHC to fulfill its contractual obligation to manage OR's costs for medically necessary services.

94) Relying on UHC's offer of payment at the network level rate, Rowe LLC forbore from exercising its right to collect payment in full from OR prior to rendering bilateral breast reduction.

95) If UHC did not issue the network exception then OR would not have received bilateral breast reduction from Rowe LLC for the same out-of-pocket costs.

96) The additional benefits conferred by Rowe LLC when Rowe LLC agreed to render bilateral breast reduction based on UHC's promise of payment included OR's perception, valid or otherwise, that UHC facilitated OR receiving bilateral breast reduction from Rowe LLC when UHC did not have a provider in its network with the same capacity at Rowe LLC and OR was otherwise not entitled to receive that service from Rowe LLC; the esteem and the expectancy of OR's continued customer patronage is called good will and it has a value to UHC.

97) Under the circumstances, it would be unfair to permit UHC to retain the benefits conferred upon it without UHC paying a reasonable value to Rowe LLC.

L&B File No.: 2125.COM.60

Case 2:22-cv-06594-JMA-ST   Document 1-1   Filed 10/28/22   Page 18 of 27 PageID #: 23

# THIRD CAUSE OF ACTION- PROMISSORY ESTOPPEL

98) Rowe LLC repeats and re-alleges the foregoing paragraphs as if fully set forth herein.

99) UHC made a clear and unambiguous promise to pay for bilateral breast reduction and placement of a vacuum dressing at network level rate if it was rendered to OR and should have expected that Rowe LLC would rely upon that promise.

100)    UHC should have expected Rowe LLC to rely upon its promise because, among other reasons, UHC knew or should have known that the surgery was scheduled for December 30, 2020 and it made a promise memorialized on 12/17/2019 to issue payment for bilateral breast reduction and placement of a vacuum dressing at the network level rate.

101)    UHC should have expected Rowe LLC to rely upon its promise because, among other reasons, UHC issued numerous payments to Rowe LLC after issuing a network exception for the same healthcare services rendered by Rowe LLC at higher percentage of the billed amount under the same or similar circumstances.

102)    Rowe LLC relied on UHC's promise to its detriment, causing substantial damages equal to the reasonable value of the medical services provided by Rowe LLC.

L&B File No.: 2125.COM.60

Case 2:22-cv-06594-JMA-ST   Document 1-1   Filed 10/28/22   Page 19 of 27 PageID #: 24

## FOURTH CAUSE OF ACTION— VIOLATION OF NEW YORK'S PROMPT PAY LAW

103)     Rowe LLC repeats and re-alleges the foregoing paragraphs as if fully set forth herein.

104)     Pursuant to their agreement and within 120 days of the date the services were rendered to OR, Rowe LLC submitted its claim to UHC.

105)     UHC acknowledged its obligation to make payment by issuing payment, albeit an unreasonable amount based upon reimbursement standards in the industry.

106)     UHC did not object to issuing reimbursement or request further information from Rowe LLC regarding Rowe LLC's billing within forty-five (45) days of receipt of the claim.

107)     Rowe LLC is entitled to payment of $299,428.50 PLUS interest at the rate of ONE PERCENT (1%) per month computed from THIRTY (30) days after the date the claim was submitted to the UHC until the amount due is paid in full, pursuant to Insurance Law § 3224-a.

## FIFTH CAUSE OF ACTION— FRAUDULENT INDUCEMENT

108)     Rowe LLC repeats and re-alleges the foregoing paragraphs as if fully set forth herein.

109)     UHC intentionally represented to Rowe LLC that it would reimburse bilateral breast reduction as network services to induce Rowe LLC to render that service to OR.

L&B File No.: 2125.COM.60

Case 2:22-cv-06594-JMA-ST Document 1-1 Filed 10/28/22 Page 20 of 27 PageID #: 25

110)     UHC knew that its product could not provide the medical services indicated for OR; services we now know UHC determined to be necessary and covered because UHC intentionally made a payment that it knew was not and could never be the agreed amount.

111)     When UHC intentionally told Rowe LLC that it was reimbursing bilateral breast reduction as network UHC knew that Rowe LLC had already rejected the out-of-network reimbursement to render bilateral breast reduction offered by UHC.

112)     When UHC intentionally told Rowe LLC that it was reimbursing bilateral breast reduction "network" UHC knew there was no in-network rate. This action was intentionally deceptive because UHC does not have an in-network rate for service provided by out-of-network providers.

113)     Rowe LLC justifiably relied on UHC statements that it would reimburse the bilateral breast reduction and as a result rendered bilateral breast reduction to OR.

114)     As a result of UHC's willful and wanton conduct Rowe LLC has been damaged.

115)     Based on UHC's willful and wanton conduct UHC should be punished.

L&B File No.: 2125.COM.60

FILED: NASSAU COUNTY CLERK 08/23/2022 11:10 AM

116)     **WHEREFORE**, NORMAN MAURICE ROWE, M.D., M.H.A., L.L.C. &

EAST COAST PLASTIC SURGERY, P.C. demands judgment in the amount of

$299,428.50 together with interest and costs; or in the alternative judgment in the

amount of $224,428.50, an award of punitive damages in an amount equal to treble

the judgment amount awarded together with granting such other and further relief

as the Court may deem just and proper.

**LEWIN & BAGLIO, LLP**
Michael Baglio, Esq.
Attorneys for the Plaintiff
1100 Shames Drive
Suite 100
Westbury, New York 11590
Tel:  (516) 307- 1777
Fax: (516) 307- 1770
L&B File No.: 2125.COM.60

L&B File No.: 2125.COM.60

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

Index No.:

NORMAN MAURICE ROWE, M.D., M.H.A., L.L.C. & EAST
COAST PLASTIC SURGERY, P.C.

VERIFICATION

Plaintiff(s),

- Against -

UNITED HEALTHCARE SERVICES, INC,

Defendant(s).

I, _____ being duly sworn, deposes and says:

I am an officer of NORMAN MAURICE ROWE, M.D., M.H.A., L.L.C., the plaintiff

in the above-entitled action. I have read the foregoing complaint and know the

contents thereof. The same are true to my knowledge, except as to matters therein

stated to be alleged on information and belief and as to those matters I believe them

to be true.

Dated: August 17, 2022

Sworn to before me this ___ day of _____ 20__

MICHELE B SAGURTON
Notary Public, State of New Jersey
Comm. # 50086395
My Commission Expires 8/18/2027

Notary Public

L&B File No.: 2125.COM.60

SUPREME COURT OF THE STATE OF NEW YORK          Index No.:
COUNTY OF NASSAU

NORMAN MAURICE ROWE, M.D., M.H.A., L.L.C. & EAST          **VERIFICATION**
COAST PLASTIC SURGERY, P.C.
                              Plaintiff(s),

        - Against -

UNITED HEALTHCARE SERVICES, INC,
                              Defendant(s).

I, _____ being duly sworn, deposes and says:

I am an officer of EAST COAST PLASTIC SURGERY, P.C., the plaintiff in the

above-entitled action. I have read the foregoing complaint and know the contents

thereof. The same are true to my knowledge, except as to matters therein stated to

be alleged on information and belief and as to those matters I believe them to be

true.

Dated: August 17, 2022

Sworn to before me this ___ day of _____ 20___

MICHELE B SAGURTON
Notary Public, State of New Jersey
Comm. # 50066395
My Commission Expires 8/18/2027

L&B File No.: 2125.COM.60

UNITED HEALTHCARE
PO BOX 740800
ATLANTA , GA 30374-0800

# HEALTH INSURANCE CLAIM FORM

APPROVED BY NATIONAL UNIFORM CLAIM COMMITTEE (NUCC) 02/12

☐ PICA                                                                              PICA ☐

| 1. MEDICARE ☐ (Medicare #)   MEDICAID ☐ (Medicaid #)   TRICARE ☐ (ID#/DoD#)   CHAMPVA ☐ (Member ID#)   GROUP HEALTH PLAN ☐ (ID#)   FECA BLK LUNG ☐ (ID#)   OTHER ☒ (ID#) | 1a. INSURED'S I.D. NUMBER (For Program in Item 1) ████9335 |

2. PATIENT'S NAME (Last Name, First Name, Middle Initial)
R████ , O█

3. PATIENT'S BIRTH DATE  MM ██ DD ██ YY 2000   SEX  M ☐  F ☒

4. INSURED'S NAME (Last Name, First Name, Middle Initial)
R████ , O█

5. PATIENT'S ADDRESS (No., Street)
4187 FLETCHER DRIVE
CITY GREENCASTLE  STATE PA
ZIP CODE 17225  TELEPHONE (Include Area Code) ( )

6. PATIENT RELATIONSHIP TO INSURED
Self ☒  Spouse ☐  Child ☐  Other ☐

7. INSURED'S ADDRESS (No., Street)
4187 FLETCHER DRIVE
CITY GREENCASTLE  STATE PA
ZIP CODE 17225  TELEPHONE (Include Area Code) ( )

8. RESERVED FOR NUCC USE

9. OTHER INSURED'S NAME (Last Name, First Name, Middle Initial)

10. IS PATIENT'S CONDITION RELATED TO:

11. INSURED'S POLICY GROUP OR FECA NUMBER

a. OTHER INSURED'S POLICY OR GROUP NUMBER

a. EMPLOYMENT? (Current or Previous)  YES ☐  NO ☒

a. INSURED'S DATE OF BIRTH  MM ██ DD ██ YY 2000   SEX  M ☐  F ☒

b. RESERVED FOR NUCC USE

b. AUTO ACCIDENT?  YES ☐  NO ☒  PLACE (State)

b. OTHER CLAIM ID (Designated by NUCC)

c. RESERVED FOR NUCC USE

c. OTHER ACCIDENT?  YES ☐  NO ☒

c. INSURANCE PLAN NAME OR PROGRAM NAME

d. INSURANCE PLAN NAME OR PROGRAM NAME

10d. CLAIM CODES (Designated by NUCC)

d. IS THERE ANOTHER HEALTH BENEFIT PLAN?  YES ☐  NO ☐  If yes, complete items 9, 9a and 9d.

**READ BACK OF FORM BEFORE COMPLETING & SIGNING THIS FORM.**

12. PATIENT'S OR AUTHORIZED PERSON'S SIGNATURE I authorize the release of any medical or other information necessary to process this claim. I also request payment of government benefits either to myself or to the party who accepts assignment below.
SIGNED  Signature on File   DATE 10/19/2021

13. INSURED'S OR AUTHORIZED PERSON'S SIGNATURE I authorize payment of medical benefits to the undersigned physician or supplier for services described below.
SIGNED  SIGNATURE ON FILE

14. DATE OF CURRENT ILLNESS, INJURY, or PREGNANCY (LMP)  MM DD YY  QUAL.

15. OTHER DATE  MM DD YY  QUAL.

16. DATES PATIENT UNABLE TO WORK IN CURRENT OCCUPATION  FROM MM DD YY  TO MM DD YY

17. NAME OF REFERRING PROVIDER OR OTHER SOURCE
17a.
17b. NPI

18. HOSPITALIZATION DATES RELATED TO CURRENT SERVICES  FROM MM DD YY  TO MM DD YY

19. ADDITIONAL CLAIM INFORMATION (Designated by NUCC)

20. OUTSIDE LAB?  YES ☐  NO ☐   $ CHARGES

21. DIAGNOSIS OR NATURE OF ILLNESS OR INJURY. Relate A-L to service line below (24E)  ICD Ind. 0
A. N62  B. M542  C. M549  D. S21001A
E. S21002A  F.  G.  H.
I.  J.  K.  L.

22. RESUBMISSION CODE   ORIGINAL REF. NO.

23. PRIOR AUTHORIZATION NUMBER  A110738819

| 24. A. DATE(S) OF SERVICE From MM DD YY — To MM DD YY | B. PLACE OF SERVICE | C. EMG | D. PROCEDURES, SERVICES, OR SUPPLIES (Explain Unusual Circumstances) CPT/HCPCS   MODIFIER | E. DIAGNOSIS POINTER | F. $ CHARGES | G. DAYS OR UNITS | H. EPSDT Family Plan | I. ID. QUAL. | J. RENDERING PROVIDER ID. # |
|---|---|---|---|---|---|---|---|---|---|
| 12 30 20 | 22 | | 19318   RT | ABC | 75000 00 | 1 | | NPI | 1598788127 |
| 12 30 20 | 22 | | 19318   LT | ABC | 75000 00 | 1 | | NPI | 1598788127 |
| 12 30 20 | 22 | | 97608 | DE | 5092 00 | 1 | | NPI | 1598788127 |
| | | | | | | | | NPI | |
| | | | | | | | | NPI | |
| | | | | | | | | NPI | |

25. FEDERAL TAX I.D. NUMBER  ████9230  SSN ☐ EIN ☒

26. PATIENT'S ACCOUNT NO. ████

27. ACCEPT ASSIGNMENT? (For govt. claims, see back)  YES ☒  NO ☐

28. TOTAL CHARGE  $ 155092 00

29. AMOUNT PAID  $ 0 00

30. Rsvd for NUCC use

31. SIGNATURE OF PHYSICIAN OR SUPPLIER INCLUDING DEGREES OR CREDENTIALS (I certify that the statements on the reverse apply to this bill and are made a part thereof.)
ROWE, NORMAN MD
SIGNED   DATE 10/19/2021

32. SERVICE FACILITY LOCATION INFORMATION
HUDSON REGIONAL HOSPITAL
55 MEADOWLANDS PARKWAY
SECAUCUS,NJ
a. 1710490253  b.

33. BILLING PROVIDER INFO & PH. # ( )
NORMAN MAURICE ROWE, MD, MHA, LLC
71 EAST 77TH STREET
NEW YORK, NY 100750000
a. 1215082070  b.

NUCC Instruction Manual available at: www.nucc.org    **PLEASE PRINT OR TYPE**    APPROVED OMB 0938-1197 FORM 1500 (02-12)

**HEALTH INSURANCE CLAIM FORM**

APPROVED BY NATIONAL UNIFORM CLAIM COMMITTEE (NUCC) 02/12

UNITED HEALTHCARE
PO BOX 740800
ATLANTA ,GA 30374-0800

| | PICA | | | | PICA | |

**1. MEDICARE** ( ) Medicare #  **MEDICAID** ( ) Medicaid #  **TRICARE** ( ) ID#/DoD#  **CHAMPVA** ( ) Member ID#  **GROUP HEALTH PLAN** ( ) ID#  **FECA BLK LUNG** ( ) ID#  **OTHER** (X) ID#   **1a. INSURED'S I.D. NUMBER** (For Program in Item 1)  ████9335

**2. PATIENT'S NAME (Last Name, First Name, Middle Initial)**  R████, O████

**3. PATIENT'S BIRTH DATE** MM DD YY ██ ██ 2000  **SEX** M☐ F☒

**4. INSURED'S NAME (Last Name, First Name, Middle Initial)**  R████, O████

**5. PATIENT'S ADDRESS (No., Street)**  4187 FLETCHER DRIVE

**6. PATIENT RELATIONSHIP TO INSURED**  Self ☒  Spouse ☐  Child ☐  Other ☐

**7. INSURED'S ADDRESS (No., Street)**  4187 FLETCHER DRIVE

**CITY** GREENCASTLE  **STATE** PA

**8. RESERVED FOR NUCC USE**

**CITY** GREENCASTLE  **STATE** PA

**ZIP CODE** 17225  **TELEPHONE (Include Area Code)** ( )

**ZIP CODE** 17225  **TELEPHONE (Include Area Code)** ( )

**9. OTHER INSURED'S NAME (Last Name, First Name, Middle Initial)**

**10. IS PATIENT'S CONDITION RELATED TO:**

**11. INSURED'S POLICY GROUP OR FECA NUMBER**

**a. OTHER INSURED'S POLICY OR GROUP NUMBER**

**a. EMPLOYMENT? (Current or Previous)** YES☐ NO☒

**a. INSURED'S DATE OF BIRTH** MM DD YY ██ ██ 2000  **SEX** M☐ F☒

**b. RESERVED FOR NUCC USE**

**b. AUTO ACCIDENT?** YES☐ NO☒  **PLACE (State)**

**b. OTHER CLAIM ID (Designated by NUCC)**

**c. RESERVED FOR NUCC USE**

**c. OTHER ACCIDENT?** YES☐ NO☒

**c. INSURANCE PLAN NAME OR PROGRAM NAME**

**d. INSURANCE PLAN NAME OR PROGRAM NAME**

**10d. CLAIM CODES (Designated by NUCC)**

**d. IS THERE ANOTHER HEALTH BENEFIT PLAN?** YES☐ NO☐  *If yes,* complete items 9, 9a and 9d.

READ BACK OF FORM BEFORE COMPLETING & SIGNING THIS FORM.

**12. PATIENT'S OR AUTHORIZED PERSON'S SIGNATURE** I authorize the release of any medical or other information necessary to process this claim. I also request payment of government benefits either to myself or to the party who accepts assignment below.

SIGNED  Signature on File     DATE  10/19/2021

**13. INSURED'S OR AUTHORIZED PERSON'S SIGNATURE** I authorize payment of medical benefits to the undersigned physician or supplier for services described below.

SIGNED  SIGNATURE ON FILE

**14. DATE OF CURRENT ILLNESS, INJURY, or PREGNANCY (LMP)** MM DD YY  QUAL.

**15. OTHER DATE** MM DD YY  QUAL.

**16. DATES PATIENT UNABLE TO WORK IN CURRENT OCCUPATION** FROM MM DD YY  TO MM DD YY

**17. NAME OF REFERRING PROVIDER OR OTHER SOURCE**  17a.  17b. NPI

**18. HOSPITALIZATION DATES RELATED TO CURRENT SERVICES** FROM MM DD YY  TO MM DD YY

**19. ADDITIONAL CLAIM INFORMATION (Designated by NUCC)**

**20. OUTSIDE LAB?** YES☐ NO☐  $ CHARGES

**21. DIAGNOSIS OR NATURE OF ILLNESS OR INJURY.** Relate A-L to service line below (24E)  ICD Ind. 0

A. N62   B. M542   C. M545   D.
E.   F.   G.   H.
I.   J.   K.   L.

**22. RESUBMISSION CODE**   ORIGINAL REF. NO.

**23. PRIOR AUTHORIZATION NUMBER**  A110738819

| 24. A. DATE(S) OF SERVICE From MM DD YY | To MM DD YY | B. PLACE OF SERVICE | C. EMG | D. PROCEDURES, SERVICES, OR SUPPLIES (Explain Unusual Circumstances) CPT/HCPCS | MODIFIER | E. DIAGNOSIS POINTER | F. $ CHARGES | G. DAYS OR UNITS | H. EPSDT Family Plan | I. ID. QUAL. | J. RENDERING PROVIDER ID. # |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 12 30 20 | | 22 | | 19318 | 80 RT | ABC | 75000 00 | 1 | | NPI | 1659548279 |
| 12 30 20 | | 22 | | 19318 | 80 LT | ABC | 75000 00 | 1 | | NPI | 1659548279 |
| | | | | | | | | | | NPI | |
| | | | | | | | | | | NPI | |
| | | | | | | | | | | NPI | |
| | | | | | | | | | | NPI | |

**25. FEDERAL TAX I.D. NUMBER**  ████1342  **SSN** ☐ **EIN** ☒

**26. PATIENT'S ACCOUNT NO.**  ████

**27. ACCEPT ASSIGNMENT?** (For govt. claims, see back) YES☐ NO☐

**28. TOTAL CHARGE** $ 150000 00

**29. AMOUNT PAID** $

**30. Rsvd for NUCC use**

**31. SIGNATURE OF PHYSICIAN OR SUPPLIER INCLUDING DEGREES OR CREDENTIALS** (I certify that the statements on the reverse apply to this bill and are made a part thereof.)  PIERCE, CHARLES MD  SIGNED  10/19/2021  DATE

**32. SERVICE FACILITY LOCATION INFORMATION**  HUDSON REGIONAL HOSPITAL  55 MEADOWLANDS PARKWAY  SECAUCUS,NJ  a. 0709412977  b.

**33. BILLING PROVIDER INFO & PH. #** ( )  EAST COAST PLASTIC SURGERY, PC  333 BROAD STREET STE 1A  RED BANK, NJ 077010000  a. 1902259187  b.

FILED: NASSAU COUNTY CLERK 08/23/2022 11:10 AM
NYSCEF DOC. NO. 1
INDEX NO. 611140/2022
RECEIVED NYSCEF: 08/23/2022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

Index No.:

NORMAN MAURICE ROWE, M.D., M.H.A., L.L.C. &
EAST COAST PLASTIC SURGERY, P.C.

Plaintiff(s),

AFFIRMATION

- Against -

UNITED HEALTHCARE SERVICES, INC,

Defendant(s).

STATE OF NEW YORK)
COUNTY OF NASSAU ) ss.

**ATTORNEYS VERIFICATION AND CERTIFICATION PURSUANT TO § 130-1:**

I, Michael Baglio, Esq., an attorney and counselor at law, duly admitted to practice in the Courts of the State of New York and a member with the law firm **LEWIN & BAGLIO, LLP,** attorneys for plaintiff herein, affirms the following to be true under penalties of perjury:

I have read the foregoing **COMPLAINT** and know the contents thereof, and upon information and belief, I believe the matters alleged therein to be true.

The reason this verification is made by deponent and not by plaintiff is that plaintiff resides in a county other than the one in which your deponent's office is maintained.

The source of your deponent's information and the grounds of my belief are communications, papers, reports and investigations contained in my file.

Dated: August 17, 2022
Westbury, New York

DocuSigned by:

9A1D48C14A73421...

By: Michael Baglio, Esq.

L&B File No.: 2125.COM.60

Case 2:22-cv-06594-JMA-ST   Document 1-1   Filed 10/28/22   Page 27 of 27 PageID #: 32

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

NORMAN MAURICE ROWE, M.D., M.H.A., L.L.C. &
EAST COAST PLASTIC SURGERY, P.C.
                                        Plaintiff(s),

Index No.:

        - Against -

UNITED HEALTHCARE SERVICES, INC,
                                        Defendant(s).

Pursuant to Section 130-1 of the rules of the chief administrator (22 NYCRR) I certify that to the best of my knowledge, information and belief, Formed after an inquiry reasonable under the circumstances, the within Summons and Verified Complaint are not frivolous.

By: Michael Baglio, Esq.

# SUMMONS AND COMPLAINT

### ATTORNEYS FOR THE PLAINTIFF

LEWIN & BAGLIO, LLP
1100 Shames Drive
Suite 100
Westbury, New York 11590
516-307-1777
L&B File No.: 2125.COM.60

To:

Attorney for defendant:
Service of a copy of the within SUMMONS AND COMPLAINT is hereby admitted.

Dated:                          _____
                                Attorney for Defendant

L&B File No.: 2125.COM.60